IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WANDA PARKER, NORMA SHAW, MONTERIOUS BRENNON, WILMA GREEN, CHARLES LEWIS, BETTY SIMPSON, EARNEST MELVIN HENLY, SHANTELL PARKER, ROSE GEORGE, WILLIE SIMPSON<br><br>        Plaintiffs,<br><br>v.<br><br>JT BAY, LLC<br>d/b/a PERFORMANCE<br>CLEANING GROUP<br><br>        Defendant. | Civil Action No. _____ |

**COMPLAINT**

NOW COME Wanda Parker, Norma Shaw, Monterious Brennon, Wilma Green, Charles Lewis, Betty Simpson, Willie Simpson, Earnest Melvin Henly, Shantell Parker, and Rose George, and file this, their Plaintiffs' Complaint against the Defendant.

**INTRODUCTION**

1.  This is a simple failure-to-pay wages case. Defendant is a cleaning company and the Defendant employed the Plaintiffs as janitorial staff. Defendant has not paid the Plaintiffs an hourly rate for each hour worked as required by the Fair Labor Standards Act ("FLSA") and wages as agreed upon by the parties. This failure to pay the Plaintiffs is a plain, simple violation of the FLSA, and state law. For these reasons, Plaintiffs seek unpaid wages, liquidated damages, attorney fees, and all other relief permitted.

## VENUE AND JURISDICTION

2. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

3. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in Glynn County, Georgia, which is this District, and Defendant is subject to personal jurisdiction in Georgia.

4. All conditions precedent to the filing of this suit have been satisfied.

## PARTIES

5. Defendant JT BAY, LLC ("JT Bay"), at all times relevant, conducted business as Performance Cleaning Group.

6. JT Bay is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). JT Bay has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

7. Defendant is covered by the FLSA's Enterprise Coverage.   Defendant has

made more than $500,000 in the three (3) years preceding the filing of this lawsuit evidenced, in part, via its cleaning contracts with various entities, including Glynn County, Georgia which, on May 12, 2012, awarded a janitorial services contract to JT Bay in the amount of $176,940. By way of a few additional examples:

- On August 12, 2011, JT Bay entered into a three-year contract with the City of Miami, Florida for citywide janitorial services with an annual estimated contract amount of $266,244.

- In June of 2011, JT Bay entered into a three-year contract with the City of St. Petersburg, Florida for janitorial services with an annual estimated contract amount of $76,994.00

- On November 1, 2010, JT Bay entered into a three-year contract to clean the District Seven Headquarters and SunGuide Center in Florida with an estimated contract amount of $344,984.04

- In October of 2012, JT Bay entered into a contract to provide janitorial services at the Tampa Port Authority Properties for a period of one (1) year at a cost not to exceed $220,000.00, with two (2) one-year consecutive renewal options.

- In October of 2011, the Board for the Port Authority of Tampa approved an option year with JT Bay for an annual cost of $253,260

8.     Plaintiffs, while under the employ of the Defendant, at all times relevant to this case, handled, unloaded, and used goods and materials that have been moved in or produced for commerce because they used cleaning products and materials (such as soaps, cleaning sprays, disinfectants, toilet paper, hand towels, trash bags) that were manufactured abroad and imported into the United States for performing their duties and Defendant forwarded these supplies from Florida to Georgia for use by Plaintiffs in furtherance of Defendant's commercial cleaning contract with Glynn County, Georgia.

9. In the alternative, even if Defendant's income did not reach the $500,000.00 mark in any of the years, the Plaintiffs have Individual Coverage via their job duties and their relationship with interstate commerce. *Wage and Hour Division (WHD) Fact Sheet #27: New Businesses Under The Fair Labor Standards Act (FLSA)*, which was Revised July 2008, states that "[e]ven if a business is not a covered enterprise, many employees will be covered by the FLSA on an individual basis....Other persons such as guards, janitors and maintenance employees who perform duties which are closely related and directly essential to such interstate activities are also covered by the FLSA."

10. On February 11, 2014, the Florida Department of State, Division of Corporations dissolved JT Bay for failing to comply with Section 608 of the Florida Statues. A true and correct copy of the records of the Florida Department of State, Division of Corporations relating to said dissolution is attached hereto as Exhibit "A," and incorporated herein by reference.

11. At all times relevant to this action, JT Bay was a member-managed limited liability company, as referenced in Fla. Stat. Ann. § 48.062(2)(A). Dean A. Ferguson is a member of JT Bay.

12. Service upon JT Bay may be properly accomplished by serving a copy of the copy of the Summons and Complaint upon Dean A. Ferguson,

13. Plaintiffs Wanda Parker, Norma Shaw, Monterious Brennon, Wilma Green, Charles Lewis, Betty Simpson, Earnest Melvin Henly, Shantell Parker, Willie Simpson, and Rose George are residents of Georgia and worked as janitorial staff for JT

4

Bay in Glynn County, Georgia. Each one of the Plaintiff's consent form is attached as part of Exhibit "B".

14.  Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b). Plaintiffs are individuals who were employed by JT Bay in the past three years. No opt-in plaintiffs will be subsequently added to this lawsuit.

### FACTS

15.  Plaintiffs reallege paragraphs 1-14 above.

16.  Plaintiffs worked as janitorial staff for JT Bay in Glynn County, Georgia.

17.  Defendant accepted the benefits of Plaintiffs' labor and suffered or permitted them to work.

18.  The FLSA requires that employees be paid a minimum wage. 29 U.S.C. § 206

19.  The federal hourly minimum wage during the times relevant to this action was $7.25

20.  For certain periods between May through August 2013, Plaintiffs worked for Defendant, without receiving any compensation from Defendant.

21.  Defendant failed to pay Plaintiffs the minimum wages due pursuant to the FLSA.

22.  These practices violate the provisions of the FLSA.

23.  As a result of these unlawful practices, Plaintiffs suffered a loss of wages in the following amounts:

| Plaintiff | Wages owed |
|---|---|
| Wanda Parker | $2,850.00 |
| Norma Shaw | $800.00 |
| Monterious Brennon | $1,500.00 |
| Wilma Green | $1,863.00 |
| Charles Lewis | $700.00 |
| Betty Simpson | $300.00 |
| Earnest Melvin Henly | $1,500.00 |
| Shantell Parker | $350.00 |
| Rose George | $455.00 |
| Willie Simpson | $500.00 |

24. Defendant showed reckless disregard for the fact that their failure to pay the Plaintiffs mandated compensation was in violation of the law.

## CAUSES OF ACTION

### COUNT I -
### FLSA Minimum Wages Violation

25. Plaintiffs reallege paragraphs 1-24 above.

26. Defendant knowingly, willfully, and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a).

27. Because of Defendant's willful violation of FLSA, Plaintiffs are entitled to recover from Defendant their unpaid minimum wages in the following amounts:

| Plaintiff | Wages owed |
|---|---|
| Wanda Parker | $2,850.00 |

6

| | |
|---|---|
| Norma Shaw | $800.00 |
| Monterious Brennon | $1,500.00 |
| Wilma Green | $1,863.00 |
| Charles Lewis | $700.00 |
| Betty Simpson | $300.00 |
| Earnest Melvin Henly | $1,500.00 |
| Shantell Parker | $350.00 |
| Rose George | $455.00 |
| Willie Simpson | $500.00 |

28. Because of Defendant's willful violations of FLSA, Plaintiffs are also entitled to an equal amount in the form of liquidated damages, in the following amounts:

| Plaintiff | Liquidated damages owed |
|---|---|
| Wanda Parker | $2,850.00 |
| Norma Shaw | $800.00 |
| Monterious Brennon | $1,500.00 |
| Wilma Green | $1,863.00 |
| Charles Lewis | $700.00 |
| Betty Simpson | $300.00 |
| Earnest Melvin Henly | $1,500.00 |
| Shantell Parker | $350.00 |
| Rose George | $455.00 |
| Willie Simpson | $500.00 |

29. The Plaintiffs are also entitled to reasonable attorneys' fees and costs of the action pursuant to the FLSA. In the event liquidated damages are not awarded, Plaintiffs

seek prejudgment interest.

## COUNT II
### Breach of Oral Contract - Alternative to Count I

30. Plaintiffs reallege paragraphs 1-29 above.

31. Defendant entered into binding oral contracts with Plaintiffs for employment, imposing duties on these parties including, but not limited to, the payment of wages for every hour of work performed.

32. Plaintiffs performed under the oral contracts by executing their work duties for as long as they were permitted to do so.

33. Defendant failed to perform its duties with respect to the payment of wages and, thus, breached its contracts with Plaintiffs.

34. Defendant is liable to Plaintiff for the economic harms caused by Defendant's breach of contract, including the payment of wages due in the following amounts:

| Plaintiff | Wages owed |
|---|---|
| Wanda Parker | $2,850.00 |
| Norma Shaw | $800.00 |
| Monterious Brennon | $1,500.00 |
| Wilma Green | $1,863.00 |
| Charles Lewis | $700.00 |
| Betty Simpson | $300.00 |
| Earnest Melvin Henly | $1,500.00 |
| Shantell Parker | $350.00 |
| Rose George | $455.00 |

| | |
|---|---|
| Willie Simpson | $500.00 |

## COUNT III
### Attorney's Fees Under O.C.G.A. § 13-6-11.

35. Plaintiffs realleged paragraphs 1-34 above.

36. By failing to pay wages earned, and by forcing Plaintiffs to file suit to recover wages, the Defendant has acted in bad faith, has been stubbornly litigious, and has caused the Plaintiffs unnecessary trouble and expense. As such, Plaintiffs are entitled to recover reasonable attorney's fees and costs under O.C.G.A. § 13-6-11.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant for the following:

(a) Wages found to be due and owing as follows:

| Plaintiff | Wages owed |
|---|---|
| Wanda Parker | $2,850.00 |
| Norma Shaw | $800.00 |
| Monterious Brennon | $1,500.00 |
| Wilma Green | $1,863.00 |
| Charles Lewis | $700.00 |
| Betty Simpson | $300.00 |
| Earnest Melvin Henly | $1,500.00 |
| Shantell Parker | $350.00 |
| Rose George | $455.00 |
| Willie Simpson | $500.00 |

for a total amount of $10,818.

9

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages in the following amount:

| Plaintiff | Liquidated damages owed |
|---|---|
| Wanda Parker | $2,850.00 |
| Norma Shaw | $800.00 |
| Monterious Brennon | $1,500.00 |
| Wilma Green | $1,863.00 |
| Charles Lewis | $700.00 |
| Betty Simpson | $300.00 |
| Earnest Melvin Henly | $1,500.00 |
| Shantell Parker | $350.00 |
| Rose George | $455.00 |
| Willie Simpson | $500.00 |

for a total amount of $10,818. The total amount of wages owed and liquidated damages due and hereby demanded is $21,636.

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) Reasonable attorney's fees and costs under the FLSA;

(e) Reasonable attorney's fees and costs as provided by O.C.G.A. § 13-6-11; and

(f) Such other relief as the Court deems just and equitable.

[Signature on next page]

This 10th day of June, 2014.

                                          BROWN, READDICK, BUMGARTNER,
                                          CARTER, STRICKLAND & WATKINS, LLP

                                            s/ Paul M. Scott
                                          Paul M. Scott
                                          Ga. Bar No. 140960
                                          pscott@brbcsw.com
                                          Attorney for Plaintiffs

P.O. Box 220
Brunswick, GA 31521-0220
(912) 264-8544